# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT BLAKENEY, | ) | |
| | ) | Civil Action No. 19 – 1515 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| SUPT. GILMORE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM OPINION**

This case is before the Court on the "Affidavit Petition for Special Preliminary Injunctions and Emergency Temporary Restraining Orders," filed by Plaintiff Herbert Blakeney ("Plaintiff") on November 22, 2019. (ECF No. 2.) For purposes of this Opinion, it will be construed as a Motion for Preliminary Injunction.

### I. **Introduction**

On November 22, 2019, Plaintiff, a capital case prisoner currently incarcerated at the State Correctional Institution at Greene ("SCI Greene"), commenced this action by filing the instant Motion for Preliminary Injunction. *See* (ECF No. 1.) This Motion, however, was unaccompanied by a complaint or filing fee/motion for leave to proceed *in forma pauperis*. On December 9, 2019, Plaintiff a Motion to Appoint Counsel (ECF No. 3) and a Motion to Transfer Case to the Middle District of Pennsylvania (ECF No. 4).

In his Motion, Plaintiff claims that he has been denied access to the courts by staff members at SCI-Greene. When he filed a grievance about the issue, he was met with retaliation

1

by those staff members from whom he later sought separations and/or a transfer to the State Correctional Institution Phoenix ("SCI Phoenix"). These requests were denied but Plaintiff was offered "self lock-up" although it is unclear whether he elected this form of custody. Plaintiff claims that he has been subjected to retaliation ever since and is now in fear of his life and property.

Presumably in support of his access to courts claim, Plaintiff states that he has been denied access to his legal materials and property and that he has court ordered deadlines in his criminal case that he cannot meet without it. He also claims that he has been denied access to extra time in the law library, which he alleges is inadequate, and that his eyeglasses were stolen to prevent him from litigating.

Plaintiff also makes several complaints unrelated to his criminal case such as being denied his "open face head warmer" that protects him from the cold temperature since he has a metal plate in his face. He also states that correctional staff lie to him daily, never answer or delay in answering his request slips and enforce invalid write-ups against him. He claims that they denied him a hardship transfer and put him on phone restrictions, both without legal cause, and denied him job assignments for which he qualified. He generally asserts that they fail to investigate his grievances and cover-up wrongdoing.

He requests that this Court order his immediate transfer to SCI-Phoenix with all his personal and legal property, order the return of his head warmer and the "restart" of his grievance appeals for the invalid write-ups.

## II. Legal Standard

Motion for preliminary injunctive relief are governed by Rule 65 of the Federal Rules of Civil Procedure[1] and are judged against exacting legal standards. To obtain a preliminary injunction or a temporary restraining order, a movant "must satisfy the traditional four-factor test: (1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not results in even greater harm to the non-moving party; and (4) the public interest favors such relief." Miller v. Mitchell, 598 F.3d 139, 147 (3d Cir. 2010). It is the movant's burden to show a likelihood of success on the merits. Campbell Soup Co. v. ConAgra Inc., 977 F.2d 86, 90 (3d Cir. 1992).

Preliminary injunctive relief is not granted as a matter of right. Kershner v. Mazurkiewicz, 670 F.2d 440 ,443 (3d Cir. 1982), *see also* Thomas v. Pennsylvania Dep't of Corr., 3:13-CV-2661, 2014 WL 3955105, at *1 (M.D. Pa. Aug. 13, 2014) ("An injunction is an 'extraordinary remedy' that is never awarded as of right."). Rather, the decision to grant or deny such relief is committed to the discretion of the district court. United States v. Price, 688 F.2d 204, 210 (3d Cir. 1982).

Generally, preliminary injunctive relief is an extraordinary remedy that places precise burdens on the moving party, and "[t]he preliminary injunction must be the only way of protecting the plaintiff from harm." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). "It has been well stated that upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937). Further, where the requested preliminary injunctive relief "is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving

---

[1] Pursuant to Rule 65(a)(1) of the Federal Rules of Civil Procedure, a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). In contrast, a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney" if certain conditions are met. Fed. R. Civ. P. 65(b)(1).

party is particularly heavy." Punnet v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be used sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982).

For a party to sustain his burden of proof that he is entitled to preliminary injunctive relief under Rule 65, he must demonstrate both a reasonable likelihood of success on the merits and irreparable harm if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. "As these elements suggest, there must be 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" Ball v. Famiglio, 396 F. App'x 836, 837 (3d Cir. 2010) (quoting Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). "To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action." Sutton v. Cerullo, 3:CV-10-1899, 2014 WL 3900235, at *5 (M.D. Pa. Aug. 8, 2014). To establish irreparable injury, "the moving party must establish that the harm is imminent and probable." Stilp v. Contino, 629 F. Supp. 2d 449, 466 (M.D. Pa. 2009). "The mere risk of injury is not sufficient to meet this standard." Id. And the burden of showing irreparable injury "is not an easy burden" to meet. Moore v. Mann, 3:CV-13-2771, 2014 WL 3893909, at *2 (M.D. Pa. Aug 7, 2014). In assessing a motion for preliminary injunctive relief, the court must also consider the harm to the defendants and whether granting the preliminary injunction will be in the public interest. New Jersey Retail Merchants Ass'n v. Sidamon-Eristoff, 669 F.3d 374, 388 (3d Cir. 2012).

### III. Discussion

First, it is noted that Plaintiff did not file a complaint with his Motion and therefore not all the factors of the traditional four-factor test, which a party must satisfy in order to obtain preliminary injunctive relief, can be assessed. Nevertheless, based on the allegations in the Motion itself, Plaintiff has not shown an immediate irreparable injury justifying the grant of such relief.

"Irreparable injury is established by showing that Plaintiff will suffer harm that 'cannot be redressed by a legal or an equitable remedy following trial.' Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989) ('The preliminary injunction must be the only way of protecting the plaintiff from harm')." Messner v. Bunner, No. 07-112E, 2009 WL 1406986, at *4 (W.D. Pa. May 19, 2009). In this context, the word irreparable has a specific meaning and connotes "that which cannot be repaired, retrieved, put down again, [or] atoned for . . . ." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994) (citations omitted). Thus, an injunction will not issue "simply to eliminate the possibility of a remote future injury . . . ." Acierno, 40 F.3d at 655 (citation omitted). Plaintiff, who has the burden of showing an imminent threat of irreparable injury, has failed to meet this precise burden with respect to his various requests for preliminary injunctive relief.[2]

Moreover, granting the requested preliminary injunctive relief would "effectively have the federal courts making ad hoc, and individual, decisions concerning the treatment of a single prisoner, [which] could harm both the defendants' and the public's interest." Kelly v. Merrill, 2014 WL 7740025, at *9 (M.D. Pa. Dec. 11, 2014); *see generally* Jenkins v. Crayton, 2013 WL 3467191, at *2 (W.D. Pa. July 10, 2013) ("The federal courts are not overseers of the day-to-day

---

[2] Importantly, in regard to his access to courts complaint, the docket to the criminal case appeal referenced by Plaintiff in his Motion, and for which he complained he would miss his court ordered deadline of November 27th, indicates that Plaintiff was granted an extension of time on November 25th. *See* Commonwealth v. Blakeney, 782 CAP (Pa.).

management of prisons. Prison officials require broad discretionary authority as the 'operation of a correctional institution is at best an extraordinary difficult undertaking.'" (quoting Wolff v. McDonnell, 418 U.S. 539, 566 (1974)). Accordingly, the balance of the hardships does not weigh in favor of granting Plaintiff his requests for preliminary injunctive relief.

**IV. Conclusion**

In sum, Plaintiff has not demonstrated that he suffers from an immediate irreparable harm, and, considering that granting him the requested relief may adversely affect the interest of the defendants and the public, the Court will deny his Motion and administratively close this case. Plaintiff may reopen this case by filing a complaint that is accompanied by the $400.00 filing fee. In the alternative, Plaintiff may submit a properly completed motion for leave to proceed *in forma pauperis* with the required affidavit and certified copy of his prisoner account statement for the previous six months. *See* 28 U.S.C. § 1915(a)(1)-(2). If the motion is granted, the case will be reopened.

Plaintiff should note that pursuant to 28 U.S.C. § 1915(g), a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he is in imminent danger of serious physical injury. This Court takes judicial notice of the court records and dockets of the Third Circuit Court of Appeals and the federal courts located in Pennsylvania. *See* DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). The dockets of those courts reveal that Plaintiff has had the following actions or appeals dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i): Blakeney v. Dauphin County Prison, et al., No. 05-1980 (3d Cir. Dec. 8, 2005) and Blakeney, et al. v. Dauphin County, et al., No. 04-791 (M.D. Pa.

6

Aug. 2, 2004).  Plaintiff has also had the following case dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A:  <u>Blakeney v. Marsico</u>, No. 08-1384 (W.D. Pa. Jan. 3, 2009).  Additionally, the Third Circuit dismissed the following appeal pursuant to 28 U.S.C. § 1915(e)(2)(B): <u>Blakeney, et al. v. Dauphin County, et al.</u>, 04-3269 (3d Cir. April 7, 2005).  As such, Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g) and cannot proceed *in forma pauperis* unless he is in imminent danger of serious physical injury at the time he files his complaint.

      A separate Order follows.

      Dated:  December 12, 2019.

                                                    Lisa Pupo Lenihan
                                                  United States Magistrate Judge

Cc:    Herbert Blakeney
        FB5713
        SCI Greene
        175 Progress Drive
        Waynesburg, PA  15370

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT BLAKENEY, | ) | |
| | ) | Civil Action No. 19 – 1515 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| SUPT. GILMORE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

**AND NOW**, this 12th day of December, 2019, and for the reasons set forth in the Court's accompanying Memorandum Opinion,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 2) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is denied without prejudice to Plaintiff's right to refile if this case is reopened.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to administratively close this case and include a copy of a prisoner civil rights complaint with this Order.

**AND IT IS FURTHER ORDERED** that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff is allowed fourteen (14) days from the date of service of a copy of this Order to file objections. Failure to file timely objections will constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc:     Herbert Blakeney
          FB5713
          SCI Greene
          175 Progress Drive
          Waynesburg, PA  15370